# 95 DTA 87

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

Núm. KLCE-95-00239

EX PARTE:
PEDRO A. PEREZ AYBAR Y DULCE J. RODRIGUEZ ESTRELLA
Peticionarios

San Juan, Puerto Rico, a 15 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Córdova Arone y Segarra Olivero

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, un médico que se divorció por mutuo consentimiento de su cónyuge --también doctora en medicina-- y quien estipuló una pensión alimentaria de $1,800 mensuales para sus dos hijas menores de edad, nos pide que revoquemos la resolución del Tribunal de Primera Instancia, Sala Superior de Ponce, que tres años después se negó a rebajar dicha pensión. El peticionario basa su solicitud en el sólo hecho de que la pensión estipulada excede en $464.69 la pensión a la que hubieran tenido derecho las niñas de haberse fijado la misma a base de la necesidad real de ellas. Por considerar que su planteamiento es patentemente frívolo, denegamos la expedición del auto.

Las partes en cuestión se divorciaron el 10 de marzo de 1992 por la causal de mutuo consentimiento. La sentencia de divorcio dispuso una pensión alimentaria por estipulación de $1,800 mensuales para sus dos niñas de 13 y 14 años de edad. Un año y medio después, en agosto de 1993, el peticionario solicitó una reducción de la pensión alimentaria a base de que había cesado en sus labores de médico con dos de los tres hospitales para los cuales trabajaba. Posteriormente, y durante el tiempo que tomó el trámite de la moción de rebaja de pensión, el peticionario resolvió su situación económica. Sin embargo, en lugar de desistir de la moción, simplemente varió la razón de pedir. Adujo --y continúa aduciendo-- que conforme a la planilla de información personal y económica sometida por la madre de las niñas como parte del procedimiento de rebaja de pensión, las necesidades reales de éstas montan a solo $1,335.51. Por consiguiente, sostiene el peticionario, la diferencia de $469.49 --entre la pensión estipulada de $1,800 y la suma de $1,335.51 en que debería fijarse la pensión conforme a las necesidades reales de las niñas--, constituye realmente una pensión alimentaria *"implícita"* para la ex-cónyuge.

Como norma general, una vez el juez acepta las estipulaciones a las cuales las partes han llegado para finalizar un proceso de divorcio por consentimiento mutuo, tal acuerdo tiene el efecto de *res judicata* entre las partes. *Magee v. Alberro,* ___ D.P.R. ___ (1990), **90 J.T.S. 61**, a la pág. 7717. La alteración del convenio o estipulación sobre una pensión alimentaria en ocasión de un divorcio por consentimiento mutuo, procede únicamente *"cuando exista un cambio sustancial en las circunstancias que dieron lugar u originaron el mismo". Negrón Rivera v. Bonilla, Ex Parte,* 120 D.P.R. 61, 77 (1987).

En el caso ante nos, el peticionario, aún cuando alegó inicialmente una merma sustancial en sus ingresos, abandonó ese fundamento por ser evidente que mejoró su situación económica. De hecho, la examinadora de pensiones alimentarias concluyó, a base de lo expresado por el abogado del peticionario, que *"la capacidad económica de las partes es irrelevante [al caso de autos] pues las partes, que son dos médicos en la práctica de la profesión, tienen buenos ingresos".* Apéndice de la petición, a la pág. 60. El peticionario no ha refutado esta determinación acogida por el tribunal recurrido.

En este caso, tampoco se ha alegado que la estipulación de la pensión fuese el producto de algún vicio en el consentimiento ni que hubiese intervenido algún tipo de dolo o mala fe de parte de la madre de las niñas. Como cuestión de realidad, debemos suponer que al momento de consumarse la estipulación, el peticionario, como padre al fin, estaba al tanto y conocía las necesidades materiales de sus hijas y la condición económica de él y de su esposa y que, si acordó pagar una pensión alimentaria de $1,800 mensuales, es porque consideró que se trataba de una cantidad justa y razonable y que él podía satisfacerla.

El alegato de que las necesidades de las niñas no exceden de $1,335.51 no es pertinente a la controversia. En primer lugar, es obvio que la suma de $1,335.51 fue extraída de la planilla de información personal y económica sometida por la madre de las niñas como parte del procedimiento de rebaja de pensión. Pero, ante el abandono del fundamento inicial de la moción de rebaja de pensión, la examinadora nunca adjudicó cuáles eran las necesidades de las menores de acuerdo con las guías establecidas por la Ley de Sustento de Menores, 8 L.P.R.A. sec. 501 *et seq.* En segundo lugar, no debemos olvidar que las pensiones alimentarias fijadas de conformidad con las guías, no siempre cubren todas las necesidades del menor. Las guías se basan en meros estimados de las necesidades básicas del niño. Los progenitores siempre pueden estipular una pensión alimentaria que exceda tales estimados. Lo cierto es que la Ley de Sustento de Menores no prohíbe que las partes acuerden una pensión alimentaria que refleje la generosidad de un padre bueno y noble con suficientes recursos para pagarla.

La teoría de la pensión alimentaria implícita del excónyuge, en la que el peticionario apoya su recurso, no puede tener una base jurídica racional ni un fin práctico justificable. Cuando las partes acuerdan y estipulan una pensión alimentaria para sus hijos menores y tal estipulación, como en este caso, es aprobada por el tribunal, debe presumirse que la misma es apropiada y que su producto será destinado totalmente a satisfacer las necesidades del alimentista, independientemente de que, en la realidad de la vida, pueda ser utilizado para cubrir los gastos generales del hogar donde, junto al progenitor-custodio, los niños comen, duermen, estudian, juegan y sueñan. Es ilusorio imponerle al progenitor que queda a cargo de la custodia de los menores a raíz de un divorcio, la obligación de no beneficiarse aunque sea de modo indirecto de los fondos que los niños reciben como pensión alimentaria, pues el progenitor-custodio es un padre o madre que vive bajo el mismo techo y comparte muchas de las necesidades de los hijos. Al fin de cuentas, administra un hogar, no un establecimiento comercial.

Abrir a capricho del padre alimentante una pesquisa sobre las necesidades reales del niño alimentista luego de aquél haber estipulado, y el tribunal haber aprobado, determinada suma por concepto de pensión alimentaria, menoscabaría la libertad que la Ley de Sustento de Menores le reconoce a los progenitores para estipular una pensión alimentaria, y desalentaría, por falta de utilidad práctica alguna, el uso del mecanismo de la estipulación de pensiones provisto en el Art. 14 de la propia ley. 8 L.P.R.A. sec. 513. ▓ Insistir en la teoría de la pensión alimentaria implícita del ex-cónyuge, demuestra poco aprecio por el tiempo de los jueces y demás funcionarios del sistema judicial y amerita una sanción apropiada. Art. 4.002 (último párrafo) de la Ley de la Judicatura de 1994.

Con estos antecedentes, se deniega la expedición del auto y se le impone una sanción de quinientos (500) dólares a la parte peticionaria para beneficio del Estado Libre Asociado de Puerto Rico, cuyo importe deberá consignar en nuestra secretaría en sellos de rentas internas dentro de un plazo de diez (10) días de devenir firme esta sentencia.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

**ESCOLIOS 95 DTA 87**

**1.** Surge del recurso ante nos, que al solicitar la reducción de la pensión alimentaria en agosto de 1993, el peticionario adujo que el 4 de marzo de 1992 había dejado de trabajar para el Hospital de Damas y, por ende, había dejado de devengar $3,000 por ese concepto, razón por la cual habían cambiado drásticamente sus circunstancias. Apéndice de la petición, a la pág. 15. Este evento, sin embargo, ya había ocurrido para la fecha en que se dictó la sentencia (10 de marzo de 1992), Apéndice de la petición, a la pág. 14, y, por esta razón, no podía ser utilizado como base para la rebaja. *Magee v. Alberro,* ___ D.P.R. ___ (1990), **90 J.T.S. 61,** a la pág. 7718. Se trata de una circunstancia anterior a la sentencia y el peticionario jamás solicitó dentro del término apropiado, la reconsideración de la misma.

**2.** Dispone dicho artículo:

*"Cuando las partes logren un acuerdo sobre pensión alimenticia, después de iniciado un procedimiento ante el Examinador, el acuerdo deberá someterse al Examinador para su evaluación, luego de lo cual remitirá al tribunal un proyecto de resolución u orden de pensión alimenticia de conformidad con lo estipulado, sin necesidad de celebrar una vista. No obstante, el Examinador a su discreción podrá ordenar la celebración de una vista para constatar que las necesidades del alimentista serán adecuadamente satisfechas y la capacidad del alimentante para cumplir con lo estipulado.*

*Cuando el acuerdo se logre antes de iniciado el procedimiento ante el Examinador o en aquellos casos bajo consideración de un juez del Tribunal Superior, el acuerdo logrado sobre pensión alimenticia se someterá directamente al juez para su aprobación."*